IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Walter Little, Jr., #10005-058, ) | |
| ) | C.A. No. 3:05-2080-HMH-JRM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Matthew B. Hamidullah, ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Walter Little, Jr. ("Little"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C.A. § 2241 (West 1994).  Magistrate Judge McCrorey recommends dismissing Little's petition without prejudice and without issuance and service of process.  Little filed objections to the Report and Recommendation.  After review and for the reasons set forth herein, the court adopts the Magistrate Judge's Recommendation and dismisses Little's petition without prejudice and without issuance of service of process.

---

    [1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Little is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. In October 1994, Little was found guilty by a jury of conspiracy to possess with intent to distribute and distribution of heroin under 21 U.S.C.A. § 846 (West 1999). Little was sentenced to three hundred sixty (360) months' incarceration. Little appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Little, No. 95-5129, 1998 WL 168685 (4th Cir. Mar. 26, 1998) (unpublished).

On March 29, 1999, Little filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005), which was denied on June 26, 2001. See Little v. United States, No. 98-4634, 2001 WL 34610450 (W.D.N.C. June 26, 2001) (unpublished), aff'd, No. 01-7281, 2001 WL 34610450 (4th Cir. Nov. 16, 2001) (unpublished). Little also filed a motion labeled as a Rule 60(b) motion to reconsider on January 3, 2005. This motion was construed as a second or successive § 2255 motion and dismissed because Little failed to pursue pre-filing authorization in the Fourth Circuit Court of Appeals. See Little v. United States, No. 05-0046 (W.D.N.C. Feb. 22, 2005) (unpublished).

On July 5, 2005, Little filed the instant petition pursuant to § 2241.[2] Specifically, Little alleges that, pursuant to Shepard v. United States, 125 S. Ct. 1254 (2005), he is "actually innocent" of being an armed career criminal because one of the prior convictions

---

[2] A petition filed pursuant to section 2241 is filed in the district of incarceration, while a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 is filed in the district where the sentence was imposed. See 28 U.S.C. § 2255; United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

relied on by the court in sentencing him on his 1994 conviction did not rest upon an official court judgment.

In his Report and Recommendation, Judge McCrorey found that Little's § 2241 petition is a collateral attack upon the legality of his 1994 sentence and must be asserted under § 2255. Judge McCrorey further explained that, in a rare case, a petitioner may resort to § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255. Judge McCrorey found that this action did not fall within the "savings clause" of § 2255 because Little failed to present any allegations establishing his factual or legal innocence. Judge McCrorey concluded, therefore, that this court lacks jurisdiction to entertain Little's § 2241 motion, and recommended dismissing this action without prejudice and without issuance of service of process. Judge McCrorey also advised Little of his right to apply for pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to proceed with a second or successive § 2255 application.

Little filed objections to the Report and Recommendation. In his objections, Little reasserts that, pursuant to the Supreme Court's recent decision in Shepard, he is "actually innocent" of being an armed career criminal because the district court failed to base one of his predicate offenses on an official court judgment. Little argues that this claim raises serious constitutional issues that cannot be addressed under § 2255, because his claim would be barred as a second or successive § 2255 motion.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds Little's objections to the Report without merit. Little's Shepard claim cannot be asserted under either §§ 2255 or 2241. The rule announced in Shepard does not apply retroactively on collateral review.

In Shepard, the Supreme Court held that a sentencing court must not look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction. Shepard, 125 S. Ct. at 1257. This is a new rule of criminal procedure, not substantive law, because "it dictates what fact-finding procedure must be employed to ensure a fair trial." United States v. Sanders, 247 F.3d 139, 147 (4th Cir. 2001) (finding rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)– holding both that a jury, rather than a judge, must determine the facts supporting a statutory sentencing enhancement beyond the prescribed statutory maximum, and that this finding must be made beyond a reasonable doubt, rather than by a preponderance of the evidence–a rule of procedure, not substance). See also Olivas-Gutierrez v. United States, No. 05-0139, 2005 WL 1241871, at *4 (W.D. Tex. May 19, 2005) (finding Shepard a rule of procedure, not substance).

While substantive rules apply retroactively, new rules of criminal procedure are generally not applicable on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522-23 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002), which announced a new rule of criminal procedure, does not apply retroactively); Sanders, 247 F.3d at 147-48 ("New rules of constitutional criminal procedure are generally not applied retroactively on collateral review."). The only procedural rules given retroactive effect are "watershed rules" implicating the fundamental fairness and accuracy of the criminal proceeding. See Schriro, 124 S. Ct. at 2523; Sanders, 247 F.3d at 148 (noting that the Supreme Court has pointed to Gideon v. Wainwright, 372 U.S. 335 (1963), as the type of rule that may implicate the fundamental fairness and accuracy of the criminal proceeding). Courts addressing the question have uniformly held that the rule announced in Shepard is not a "watershed rule" to be given retroactive effect. See Darco v. United States, No. 04-1378, 2005 WL 1804475, at *4 (E.D.N.Y. July 28, 2005); Olivas-Gutierrez, 2005 WL 1241871, at *4; Langley v. United States, No. 04-0952, 2005 WL 1114710, at *2 (M.D.N.C. May 5, 2005); Morales v. United States, No. 03-0980, 2005 WL 807051, at *7 (D. Minn. Apr. 7, 2005) (noting that Shepard was based on rule announced in Apprendi which does not to apply on collateral review). See also Summerlin, 124 S. Ct. at 2525 (finding that Ring did not announce watershed procedural rule because it was implausible to believe that "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice") (internal quotation marks omitted).

Therefore, for the reasons discussed above, the court adopts the Magistrate Judge's recommendation and summarily dismisses Little's petition without prejudice and without issuance of service of process.

Therefore, it is

**ORDERED** that Little's petition is dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

                                              s/ Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
August 24, 2005

## NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.