IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Walter Little, Jr., #10005-058, ) | |
| ) | C.A. No. 3:05-2080-HMH-JRM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Matthew B. Hamidullah, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Walter Little, Jr. ("Little"), a federal prisoner, filed a motion to proceed in forma pauperis on his appeal of the dismissal of his petition seeking habeas corpus relief pursuant to 28 U.S.C.A. § 2241.

### I. FACTUAL AND PROCEDURAL HISTORY

Little is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. In October 1994, Little was found guilty by a jury of conspiracy to possess with intent to distribute and distribution of heroin under 21 U.S.C.A. § 846. Little was sentenced to three hundred sixty (360) months' incarceration. Little appealed, and the United States

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Rashid, No. 95-5129, 1998 WL 168685 (4th Cir. Mar. 26, 1998) (unpublished).

On March 29, 1999, Little filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255, which was denied on June 26, 2001. See Little v. United States, No. 98-4634, 2001 WL 34610450, at *4 (W.D.N.C. June 26, 2001) (unpublished), aff'd, No. 01-7281, 2001 WL 1456196 (4th Cir. Nov. 16, 2001) (unpublished). Little filed a motion labeled as a Rule 60(b) motion to reconsider on January 3, 2005, which was construed as a second or successive § 2255 motion and dismissed due to Little's failure to pursue pre-filing authorization from the Fourth Circuit Court of Appeals. See Little v. United States, No. 05-0046 (W.D.N.C. Feb. 22, 2005) (unpublished).

On July 5, 2005, Little filed a petition pursuant to § 2241. In his petition, Little alleged that, pursuant to Shepard v. United States, 125 S. Ct. 1254 (2005), he was "actually innocent" of being an armed career criminal because one of the prior convictions relied on by the court in sentencing him on his 1994 conviction did not rest upon an official court judgment. (Petition 5-7.)

In his Report and Recommendation on the § 2241 petition ("§ 2241 Report and Recommendation"), Judge McCrorey found that Little's § 2241 petition was a collateral attack upon the legality of his 1994 sentence and must be asserted in a motion pursuant to § 2255. (§ 2241 Report and Recommendation 3.) Judge McCrorey further explained that a petitioner may rely on a petition pursuant to § 2241 on issues which normally must be brought in a § 2255 motion only if § 2255 is "inadequate or ineffective to test the legality of his detention," which is known as the "savings clause" of § 2255. 28 U.S.C.A. § 2255 (West

2

Supp. 2005).  (Id.)  Judge McCrorey found that this action did not fall within the "savings clause" of § 2255 because Little failed to present any allegations establishing his factual or legal innocence.  (Id. 3-4.)  Judge McCrorey concluded, therefore, that this court lacked jurisdiction to entertain Little's § 2241 motion, and recommended dismissing the petition without prejudice and without issuance of service of process.  (Id. 5.)  Judge McCrorey also advised Little of his right to apply for pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to proceed with a second or successive § 2255 application.  (Id. 4.)

Little filed objections ("§ 2241 Objections") to the § 2241 Report and Recommendation.  In his § 2241 objections, Little reasserted that, pursuant to the Supreme Court's recent decision in Shepard, he is "actually innocent" of being an armed career criminal because the district court failed to base one of his predicate offenses on an official court judgment.  (§ 2241 Objections 3-5.)  Little argued that this claim raises serious constitutional issues that cannot be addressed under § 2255, because his claim would be barred as a second or successive § 2255 motion.  (Id. 1.)

On August 24, 2005 ("August Order"), the court dismissed the § 2241 petition without prejudice and without issuance and service of process.  On September 1, 2005, Little filed a notice of appeal, and on September 14, 2005, he filed the instant motion for leave to proceed in forma pauperis on his appeal.  Magistrate Judge McCrorey recommends denying Little's motion because an appeal would be futile.  Little filed objections ("IFP Objections") to the Report and Recommendation ("IFP Report and Recommendation").

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Little's IFP Objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Little specifically objects to the Magistrate Judge's conclusion that an appeal would be futile and argues that the United States Court of Appeals for the Fourth Circuit has not decided whether Shepard applies retroactively to cases on collateral review. As such, he submits that his "appeal presents an issue of first impression for the Fourth Circuit and thus would not be futile." (IFP Objections 1).

The court finds this objection without merit. Although the court found in the August Order that the rule announced in Shepard was not retroactive to cases on collateral review, the court also adopted the Magistrate Judge's § 2241 Report and Recommendation, which concluded that Little's § 2241 petition was a collateral attack upon the legality of his 1994 sentence that must be asserted in a motion pursuant to § 2255. As such, the Magistrate Judge found that Little's § 2255 motion must be brought in the sentencing court, in this case, the

Western District of North Carolina.  Magistrate Judge McCrorey did not address the merits of Little's Shepard claim in the § 2241 Report and Recommendation.

Little did not specifically object to the finding that his Shepard claim should be submitted to the Western District of North Carolina.  In the IFP Report and Recommendation, Magistrate Judge McCrorey noted that Little

> did not address [in his objections to the Report and Recommendation on his § 2241 petition] the specific finding that his Shepard argument should be presented to the Western District of North Carolina.  He has not suggested that this Court is a more convenient jurisdiction than his sentencing court. Both in this Court and in the United States Court of Appeals for the Fourth Circuit, [Little] has waived any specific objection he may have had to the finding.

(IFP Report & Recommendation 2.)  As such, Little has waived his right to further judicial review of this finding.  Therefore, Little's appeal alleging that Shepard applies retroactively to cases on collateral review would be futile.  After a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge McCrorey's IFP Report and Recommendation.

Therefore, it is

**ORDERED** that Little's motion for leave to proceed in forma pauperis on his appeal is denied.

**IT IS SO ORDERED**.

                                                   s/ Henry M. Herlong, Jr.
                                                   United States District Judge

Greenville, South Carolina
December 9, 2005

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.